**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**NOLAN SIDNEY BIESANZ, JR.**                                  **PLAINTIFF**

**v.**                        **CASE NO.: 10-5017**

**SHERIFF KEITH FERGUSON** *et al.*                          **DEFENDANTS**

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Nolan Biesanz("Plaintiff"), currently an inmate in the Cummins Unit of the Arkansas Department of Correction, in Grady, Arkansas, filed this civil rights action under 42 U.S.C. § 1983. He named as Defendants Sheriff Keith Ferguson, Hunter Petray, Dr. Huskins, Deputy Morrison, Rob Holly, and Judge Bisbee. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Jimm Larry Hendren, Chief United States District Judge, referred this case the undersigned for the purpose of making a report and recommendation. Upon review of Plaintiff's Complaint (Doc. 1), the Court propounded an Addendum to the Plaintiff to aid in determining whether service was proper in this action.

**I.**     **Background**

Plaintiff filed his Complaint on January 21, 2010 (Doc. 1), alleging unconstitutional conditions of confinement. On February 17, 2010 (Doc. 1; 10-5037), Plaintiff filed a second Complaint in a new action, alleging similar claims. That action has now been consolidated in the above-styled case. Plaintiff specifically alleged he has been subjected to inadequate ventilation, sleep deprivation, sleeping on the floor, inadequate and unsanitary food

service, inadequate lighting, and deprivation of basic sanitation. (Doc. 1).

On November 30, 2010, this Court directed Plaintiff to complete, sign, and return the Addendum propounded by the Court. (Doc. 3). As service was dependent upon the answers contained therein, service has not yet been Ordered upon either Defendant.

In his Addendum (Doc. 4), Plaintiff was asked to state the claims he had against each of the named defendants in this action. Id.  Plaintiff responded that as to Defendants Huskins and Morrison, he had no claim as those claims were resolved in a separate case. (Id. at ¶ 3(c),(d)).

## II. Applicable Law

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a plaintiff may, without the court's permission, voluntarily dismiss an action "before the opposing party serves either an answer or a motion for summary judgment."

## III. Discussion

Plaintiff has plainly stated he has no claim against currently-named Defendants Huskins and Morrison. Accordingly, the Court will construe this response as a voluntary dismissal of those Defendants under Federal Rule of Civil Procedure 41 (a)(1)(A)(i). Service has not yet been Ordered upon any Defendants in this matter, and Defendants have not filed an Answer. Thus, Plaintiff is entitled to a voluntary dismissal.

**IV.     Conclusion**

It is the Report and Recommendation of the undersigned that to the extent Plaintiff's Addendum is a Motion to Dismiss Defendants Huskins and Morrison, that Motion be **GRANTED** (Doc. 4) for the forgoing reasons.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **20th day of December 2010.**

/s/ Erin L. Setser
HON. ERIN L. SETSER
U.S. MAGISTRATE JUDGE